SNELL & WILMER L.L.P.
Michael Baker (#119116)
mjbaker@swlaw.com
Kelly C Smith (#308013)
kcsmith@swlaw.com
600 Anton Blvd, Suite 1400
Costa Mesa, California  92626-7689
Telephone:   714.427.7000
Facsimile:    714.427.7799

Attorneys for Plaintiffs
Santa Cerritos, Inc., Santa Mix, Inc., and Saint Pedro, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CERRITOS, INC.; SANTA MIX, INC.; and SAINT PEDRO, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL PENROD; CMC MECHANICAL, LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 8:22-cv-00030<br><br>**PLAINTIFFS' COMPLAINT AGAINST MICHAEL PENROD, CMC MECHANICAL, LLC, AND DOES 1-100, INCLUSIVE, FOR:**<br><br>**1. BREACH OF ORAL CONTRACT**<br><br>**2. DISGORGEMENT OF COMPENSATION**<br><br>**3. CONVERSION**<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, Santa Cerritos, Inc. ("Santa Cerritos"), Santa Mix, Inc. ("Santa Mix"), and Saint Pedro, Inc. ("Saint Pedro") (collectively, "Plaintiffs"), by and through their counsel, and for its Complaint against Michael Penrod ("Penrod"), CMC Mechanical, LLC ("CMC"), and Does 1-100, inclusive (collectively, "Defendants) alleges as follows:

## **JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and is between citizens of different states. More specifically, plaintiffs Santa Cerritos, Santa Mix, and Saint Pedro are all incorporated in and/or citizens of the State of Nevada with their principal places of business in California. Plaintiffs are informed and believe that defendant Penrod is a citizen of Ohio. Defendant CMC is a limited liability company and Plaintiffs are informed and believe that none of CMC's members are citizens of and/or incorporated under the laws of either the State of California or the State of Nevada, nor are their respective principal places of business in either the State of California or the State of Nevada.

2. This Court has personal jurisdiction over Defendants because Penrod temporarily resides in California, CMC is a California limited liability company, the Parties entered into the applicable oral contract for Defendants' contracting services in California, Defendants performed the contracting services, in part, in California, and Plaintiffs have suffered damages in California.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims occurred within this judicial district and a substantial part of the property that is the subject of this action is situated within this judicial district. Specifically, oral contract at issue was entered into and was to be performed in significant part in Orange County, California, and Los Angeles, California.

4. This action should be assigned to the Southern Division of the United States Central District of California pursuant to Central District of California General Order 19-03 because a majority of plaintiffs reside in Orange County, the majority of the property that is the subject of the action is situated in Orange County, and the majority of the claims arose from events and omissions that occurred in Orange County. Specifically, all three Plaintiffs' respective principal places of business are in Orange County. The oral contract at issue concerned construction improvements of three properties – two of which are located within Orange County. Thus, Defendants' failure to perform under the oral contract, giving rise to this action, occurred primarily in Orange County.

## PARTIES

5. Santa Cerritos is a Nevada corporation with its principle place of business located at 3159 A Red Hill Avenue, Costa Mesa, California 92626.

6. Santa Mix is a Nevada corporation with its principle place of business located at 3159 A Red Hill Avenue, Costa Mesa, California 92626.

7. Saint Pedro is a Nevada corporation with its principal place of business located at 3159 A Red Hill Avenue, Costa Mesa, California 92626.

8. Upon information and belief, Penrod is and at all times relevant was an individual residing in Cuyahoga Falls, Ohio.

9. Upon information and belief, CMC is a California limited liability company with its principal place of business located at 626 Wilshire Boulevard, Suite 410, Los Angeles, California 90017.

10. Plaintiffs do not know the true names or capacities of the defendants sued herein as DOES 1-100, inclusive, and therefore sues such defendants, and each of them, by fictitious names. Plaintiffs are informed and believes that Penrod, CMC, and the defendants named as DOES 1-100, and each of them, are and acted as the agents, partners, co-venturers, shareholders, directors, employees, servants, and/or alter egos of each other. By virtue of such capacities, DOES 1-100, are in some manner responsible and liable for the debts, obligations, events, and happenings alleged herein. Plaintiffs will seek leave of the Court to amend this Complaint to show the true names and capacities of DOES 1-100 when their names and capacities are ascertained.

## GENERAL ALLEGATIONS

11. Plaintiffs incorporate herein by this reference paragraphs 1 through 10 of this Complaint as if set forth in full.

12. This action arises from Defendants' failure to perform their duties and obligations as the contractor for miscellaneous construction improvements at 11489 South Street, Cerritos, California 90703 (commonly known as Panini Kabob Grill Cerritos location), 221 S. Anaheim Blvd., Anaheim, California 92805 (commonly known as Panini

Kabob Grill Anaheim location), and 1617 East Imperial Highway, Brea, California 92821 (commonly known as Panini Kabob Grill Brea location) (collectively hereinafter referred to as the "Project").

13. On or about September 10, 2020, Plaintiffs entered into a construction agreement with Icon Identity Solutions, Inc. ("Icon") whereby Icon agreed to provide the construction and services necessary to properly execute and complete the design, construction, and complete build out of Panini Kabob Grill at the Project locations (the "Construction Agreement").

14. Pursuant to the Construction Agreement, Icon hired Defendants as subcontractors to complete the work as required. Ultimately, Icon breached the Construction Agreement by, among other things, failing to achieve sufficient progress to complete the work at the Project sites, failing to complete any construction work at the Project, failing to deliver all of the equipment or materials to the Project sites and abandoning the Project.

15. On or around March 2021, Defendants entered into an oral contract with Plaintiffs whereby Defendants agreed to complete the construction improvements of the Panini Kabob Grill Project locations that remained incomplete after Icon abandoned the Project (the "Contract") in exchange for Plaintiffs' compensation.

16. To date, Plaintiffs have compensated Defendants $1,250,000.00.

17. Despite Plaintiffs' performance under the Contract, Defendants failed to complete the construction improvements, abandoning the Project and leaving the Panini Kabob Grill locations unfinished.

18. Defendants wrongfully took valuable kitchen equipment paid for by Plaintiffs from the Panini Kabob Grill Brea location and have refused to return it to Plaintiffs despite Plaintiffs' repeated demands.

19. As a contractor providing services in California, Defendants were required to be licensed with the California Contractors State License Board ("CSLB") at all times it was working on the Project, under the Construction Agreement and the Contract.

PLAINTIFFS' COMPLAINT AGAINST MICHAEL PENROD, CMC MECHANICAL, LLC, AND DOES 1-100

20. Defendants were not properly licensed at all relevant times it provided contracting services on the Project.

## FIRST CAUSE OF ACTION

(Breach of Oral Contract Against Defendants)

21. Plaintiffs incorporate herein by this reference paragraphs 1 through 20 of this Complaint as if set forth in full.

22. The verbal agreement reached between Plaintiffs, on the one hand, and Defendants, on the other hand, wherein Defendants agreed to complete the Project constitutes a valid and enforceable contract between Plaintiffs and Defendants.

23. Plaintiffs have performed all the required material elements and conditions of this verbal agreement. Indeed, Plaintiffs paid Defendants $1,250,000.00 pursuant to the Contract.

24. Defendants have breached their obligations under the verbal agreement by failing to adequately perform any and all work required under the Contract thereby abandoning the Project.

25. As a direct and proximate result of Defendants' breach, Plaintiffs have been damaged in an amount to be proven at trial, but not less than $1,250,000.00, plus prejudgment interests and costs of suit.

## SECOND CAUSE OF ACTION

(Disgorgement of Compensation Against Defendants)

26. Plaintiffs incorporate herein by this reference paragraphs 1 through 25 of this Complaint as if set forth in full.

27. Defendants were required to obtain and maintain proper licensure with the CSLB and in accordance with California law at all times while providing contracting services on the Project.

28. Defendants were not properly licensed in accordance with the laws of the State of California or the CSLB's requirements at all times while providing contracting services on the Project.

29. Accordingly, pursuant to California Business & Professions Code § 7031(b), Plaintiffs are entitled to recoup all payments made to Defendants for its work on the Project, in an amount to be proven at trial, but not less than $1,250,000.00.

## THIRD CAUSE OF ACTION

(Conversion Against Defendants)

30. Plaintiffs incorporate herein by this reference paragraphs 1 through 29 of this Complaint as if set forth in full.

31. Plaintiffs are the rightful owner of the CaptiveAire Commercial Kitchen Ventilation Hood (the "Hood").

32. Plaintiffs are informed and believe, and on that basis allege, that Defendants interfered with Plaintiffs' ownership and right of possession of the Hood by converting the Hood for their own use and possession. As a result, Defendants intentionally and substantially interfered with Plaintiffs' property by keeping the Hood for themselves without Plaintiffs' consent and refusing to return the Hood to Plaintiffs.

33. Plaintiffs have previously demanded the return of the Hood, yet Defendants have consistently failed and refused to return them.

34. By virtue of Defendants' conversion of Plaintiffs' property, Plaintiff has been damaged in an amount to be proven at trial, but in an amount not less than $50,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgement as follows:

**AS TO THE FIRST CAUSE OF ACTION**

1. For compensatory damages awarded in favor of Plaintiffs in an amount to be proven at trial, but believed to be no less than $1,250,000.00.

**AS TO THE SECOND CAUSE OF ACTION**

1. For disgorgement of all amounts paid to Defendants based on their failure to obtain or maintain proper licensure in an amount to be proven at trial, but believed to be no less than $1,250,000.00.

**AS TO THE THIRD CAUSE OF ACTION**

1. For compensatory damages awarded in favor of Plaintiffs in an amount to be proven at trial, but believed to be no less than $50,000.00.

**FOR ALL CAUSES OF ACTION**

1. For judgement in favor of Plaintiffs and against Defendants;

2. For prejudgment interest;

3. For costs of suit, including reasonable attorney's fees recoverable under all applicable statutes and contracts; and

4. For such further and other relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs Santa Cerritos, Inc., Santa Mix, Inc., and Saint Pedro, Inc. hereby demand a jury trial on each and every cause of action set forth herein.

Dated: January 7, 2022               SNELL & WILMER L.L.P.

By: _____
Michael Baker
Kelly C Smith

Attorneys for Plaintiffs
Santa Cerritos, Inc., Santa Mix, Inc., and Saint Pedro, Inc.