O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTA CERRITOS, INC.; SANTA MIX, INC.; and SAINT PEDRO, INC., <br><br> Plaintiffs, <br> v. <br><br> MICHAEL PENROD; CMC MECHANICAL, LLC; and DOES 1 through 100, inclusive, <br><br> Defendants. | Case No.:  8:22-cv-00030-MEMF-JDE <br><br> **ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR TERMINATING SANCTIONS AGAINST DEFENDANTS MICHAEL PENROD AND CMC MECHANICAL, LLC [ECF NO. 66]** |

Before the Court is the Motion for Terminating Sanctions against Defendants Michael Penrod and CMC Mechanical, LLC filed by Plaintiffs Santa Cerritos, Inc., Santa Mix, Inc., and Saint Pedro, Inc. For the reasons stated herein, the Court hereby **GRANTS IN PART** the Motion for Terminating Sanctions.

   I.   **Background**

After the fallout of their business relationship with Defendants Michael Penrod ("Penrod") and CMC Mechanical, LLC ("CMC," and, collectively, the "Penrod Defendants"), Plaintiffs Santa Cerritos, Inc., Santa Mix, Inc., and Saint Pedro, Inc. (collectively, the "Santa Cerritos Plaintiffs") commenced this lawsuit in January 2022. ECF No. 1.

On July 12, 2022, the Court issued the Civil Trial Order, which, among other things, provided for a fact discovery cut-off of November 9, 2022, and a trial date of March 15, 2023. ECF No. 32 at 3.

On October 12, 2022, the Santa Cerritos Plaintiffs served the Penrod Defendants with a Notice of Deposition of Michael Penrod, scheduled to take place on October 26, 2022. ECF No. 66-2. On October 24, 2022, Penrod's prior counsel, Mr. O'Connor, informed the Santa Cerritos Plaintiffs that Penrod was out of town and did not have cell reception. ECF No. 66-3 at 9. The parties ultimately agreed to reschedule Penrod's deposition for December 7, 2022. *Id.* at 1. The parties also entered a stipulation to continue the discovery cut-off by thirty days to December 9, 2022, which the Court granted. *See* ECF Nos. 35, 37.

When Penrod called in for his remote deposition on December 7, 2022, he informed the Santa Cerritos Plaintiffs that he had lost his voice and was unable to proceed with the deposition. Transcript of Deposition of Michael Penrod 3:11-4:11, ECF No. 66-4 ("Penrod Depo"). The parties rescheduled Penrod's deposition for December 9, 2022. *Id.* at 3:21-4:4. Penrod failed to appear on December 9, 2023, and the parties again rescheduled Penrod's deposition for December 23, 2022. *See* ECF Nos. 66-6, 66-7.

The parties entered into a second stipulation to continue the discovery cut-off to January 9, 2023, which the Court granted. ECF Nos. 38, 41.

On December 23, 2022, Penrod appeared at his deposition but called in from his cellphone while driving cross-country. Transcript of the Deposition of Michael Penrod, Part 2 4:4-16, ECF No. 66-8 ("Penrod Depo 2"). Penrod indicated he could not view the Santa Cerritos Plaintiffs' exhibits, and the parties decided to reschedule the deposition for December 28, 2022. *Id.*; ECF No. 66-9.

On December 28, 2022, Penrod appeared for his deposition, but requested that the deposition terminate early. *See* Transcript of the Deposition of Michael Penrod, Part 3 129:8-9, 131:9-18, ECF No. 66-10 ("Penrod Depo 3"). Penrod also failed to produce the documents requested in the deposition notice. *See generally, id.* The parties agreed to continue Penrod's deposition on January 6, 2023, and agreed that the Penrod Defendants would produce all responsive documents by January 4,

2023. Penrod Depo 3 150:22-151:1; ECF No. 66-11. The parties also filed another stipulation to continue trial and pre-trial dates, which the Court granted. ECF Nos. 42, 44.

Penrod did not produce the requested documents by January 4, 2023. *see* Exhibit 11, ECF No. 66-12. The Santa Cerritos Plaintiffs again continued Penrod's deposition to January 12, 2023, and agreed that Penrod would produce a complete production of documents by January 9, 2023. ECF Nos. 66-13; 66-15. On January 9, 2023, the Penrod Defendants made their production. ECF No. 66-15.

On January 12, 2023, Penrod failed to appear at his deposition without warning. ECF No. 66-16. When the Santa Cerritos Plaintiffs reached out to Mr. O'Connor to reschedule the deposition, Mr. O'Connor informed the Santa Cerritos Plaintiffs that he was unable to reach Penrod. ECF No. 66-18, On April 13, 2023, the Santa Cerritos Plaintiffs filed a motion to compel Penrod's deposition. ECF No. 56.

On April 18, 2023, Mr. O'Connor moved to withdraw as attorney for the Penrod Defendants on the basis that he had not been able to contact his clients for months. ECF No. 57. The Court granted the motion to withdraw on May 4, 2023, and, among other things, ordered Penrod to file a status report infirming the Court of his decision to either proceed pro se or obtain counsel by no later than thirty days from the Court's Order. ECF No. 63. The Order did not address what consequences would flow from failure to comply. Penrod failed to file a status report, and no attorney has made an appearance on his behalf.

The Santa Cerritos Plaintiffs filed their Motion for Terminating Sanctions Against Defendants Michael Penrod and CMC Mechanical, LLC, on July 18, 2023. ECF No. 66 (the "Motion"). The Motion is unopposed.

II. **Applicable Law**

Under Rule 37, a district court, in its discretion, may impose a wide range of sanctions when a party fails to comply with the rules of discovery or with a court order enforcing those rules. *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983). Sanctions include striking pleadings, dismissing an action, or rendering a default judgment against the disobedient party. *See* Fed. R. Civ. P. 37(b)(2).

Where a sanction is case dispositive, that is, a "terminating sanction," a district court applies a five-part test to determine whether the sanction is just. *See Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The five guiding factors are: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Id.* (internal quotation marks omitted).[1]

### III. Discussion

As further discussed below, the Court concludes that the five factors espoused above weigh in favor of granting the Motion as to Penrod.[2] In contrast, the Santa Cerritos Plaintiffs fail to show that CMC, as a distinct legal entity, has disobeyed any discovery order or other Court order and should thus be sanctioned.

#### A. The Five Factors Weigh in Favor of Granting The Motion As to Penrod

The first two factors—the public interest in expeditious resolution of litigation and the Court's interest in managing its docket—weigh in favor of granting the Santa Cerritos Plaintiffs' Motion as to Penrod. Penrod's dilatory conduct has prevented the parties and the Court from adhering to the trial schedule, greatly impeding both the efficient and just resolution of this action. The Court has extended the discovery cut-off numerous times, and the action is currently stayed in part due to Penrod's unresponsiveness.

The third factor—the risk of prejudice to the party seeking sanctions—weighs in favor of granting terminating sanctions as to Penrod. "In determining whether [the moving party] has been

---

[1] The Ninth Circuit has stressed that the five factors are not "a mechanical means of determining" whether a discovery sanction is just, and do not represent "a series of conditions precedent before the judge can do anything." *Connecticut General Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Instead, the test provides a court "with a way to think about what to do[.]" *Id.*

[2] Although in the Conclusion to its motion, the Santa Cerritos Plaintiffs request that the Court "enter default judgment" against the Defendants, the Court finds that the Santa Cerritos Plaintiffs have not fully briefed the issue of *default judgment* (for example, the *Eitel* factors are not addressed) and are therefore only entitled to have the Court strike the Answer so that *default* may be entered. As discussed at the hearing, Santa Cerritos will need to separately seek *default* and move for *default judgment*.

prejudiced, we examine whether the [non-moving party's] actions impair the [moving party's] ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, Penrod has not only frustrated any attempt to have his deposition taken but has also produced a less than complete discovery production than he was ordered to supplement. Not only do Penrod's actions impede progress towards trial, but they also interfere with the outcome of the case—Penrod's failure to fully participate in discovery necessarily deprives Santa Cerritos of the necessary evidence to present its case. Penrod has not offered, and the Court cannot discern, any justification for his refusal to comply with his discovery obligations and Judge Early's Order.

The fourth factor recognizes the strong public policy that a case be decided on the merits. Although this factor weighs against granting the Santa Cerritos Plaintiffs' Motion, it is insufficient to outweigh the remaining four factors insofar as Penrod is concerned.

The fifth factor—the availability of less drastic sanctions—has the following three sub-parts: (a) "whether the court has considered lesser sanctions;" (b) "whether it tried them;" and (c) "whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Connecticut General Life Ins. Co.*, 482 F.3d at 1096.

Here, in granting the Santa Cerritos Plaintiffs' motion to compel, Judge Early explicitly advised the Penrod that "**failure to comply with this [Judge Early's] Order could result in further sanctions, up to and including . . . 'rendering a default judgment against [Penrod.]**" ECF No. 59 (second bracketed text in original). As for lesser sanctions, Judge Early has already imposed monetary sanctions, which proved insufficient, against Penrod (as he failed to pay them and has still failed to comply with subsequent orders). Moreover, the Court stayed the current action in May of this year, and that has proved ineffective as Penrod has not complied with Judge Early's discovery order nor this Court's subsequent May 4, 2023, Order directing Penrod inform the Court of his election to either proceed pro se or obtain new counsel.

In sum, the five factors weigh in favor of granting the Santa Cerritos Plaintiffs' Motion against Penrod.

### B. The Five Factors Weigh Against Granting The Motion As to CMC

None of the factors weigh in favor of granting the Santa Cerritos Plaintiffs' Motion against CMC. Plaintiffs have not set forth any specific justification as to why terminating sanctions should be brought against CMC. It does not appear to the Court that Rule 37 sanctions can be imposed against CMC because CMC has neither failed to appear for a properly noticed deposition (through a designated agent) nor failed to obey an order permitting discovery.[3]

### IV. Conclusion

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Santa Cerritos Plaintiffs' Motion is GRANTED in Part;
2. The Court STAYS all pretrial and trial deadlines for ninety (90) days;
3. The Court strikes Penrod's Answer;
4. The Santa Cerritos Plaintiffs may now seek to have the Clerk enter default against Penrod;
5. Counsel for the Santa Cerritos Plaintiffs may reach out to the Court's Courtroom Deputy Clerk for a priority hearing date once the Clerk has entered default and the Santa Cerritos Plaintiffs are prepared to file their Motion for Default Judgment against Penrod; and
6. The Santa Cerritos Plaintiffs are ORDERED to dismiss or move for terminating sanctions against CMC within forty-five (45) days of the date of entry of this Order.

IT IS SO ORDERED.

Dated: November 9, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge

---

[3] CMC and Penrod are distinct legal entities. It appears that the Santa Cerritos Plaintiffs may consider CMC and Penrod alter egos of one another. *See* FAC ¶ 10. Be this as it may, the Santa Cerritos Plaintiffs did not include any argument to this effect in their Motion, nor has Santa Cerritos demonstrated to the Court that one party may be sanctioned based on its alter-ego's conduct.